Filed 2/25/15  P. v. Barber CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY BARBER,<br><br>    Defendant and Appellant. | B253063<br><br>(Los Angeles County<br>Super. Ct. No.  NA093517) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant and Leonora A. (Leonora) began a relationship in January 2011. Thereafter, appellant became abusive towards Leonora, and in November 2011, she told him she did not want to see him again. Nevertheless, he continued to visit and call her. On April 23, 2012, Leonora allowed appellant into her car as she went to pick up a check. When Leonora changed her mind and made a left turn to drive home, appellant told her, "Where are going, bitch? You are not even going where you are supposed to be going?" He threatened her, saying "Shut up, bitch. I am going to kill you." Appellant choked Leonora until she lost consciousness, and fled the scene on foot.

On April 25, 2012, Leonora went to a Long Beach courthouse to file a request for a domestic violence restraining order. Appellant, who was present, attempted to physically prevent Leonora from filing the request. After deputies forcibly removed appellant from the courthouse, a deputy escorted Leonora to her car where they found appellant attempting to break into the vehicle.

On April 28, 2012, appellant was served with a temporary restraining order and notice of a hearing on Leonora's request for a domestic violence restraining order. The next morning, appellant knocked on Leonora's window. Leonora called the police. When the police arrived, appellant fled and escaped. Later that evening, appellant entered Leonora's backyard. Again, Leonora called the police, and appellant successfully fled. On May 3, 2012, appellant came to Leonora's residence and yelled her name while standing outside her window. This time, he was arrested as he attempted to flee.

On May 15, 2012, the superior court issued a restraining order requiring appellant to stay 100 yards from Leonora and not to contact, call or text her. Appellant repeatedly violated the order. He appeared at Leonora's home multiple times each day, and called and sent text messages to her on numerous occasions. On September 20, 2012, appellant attempted to remove screens from a window in

Leonora's residence. He fled after the police were called. Later that evening, appellant was arrested at a hotel several blocks from Leonora's house. Following his arrest, from approximately 10:30 p.m. on September 24, 2012, to approximately 2:00 p.m. on September 25, 2012, appellant called or texted Leonora 37 times.

Following a jury trial, appellant was convicted of stalking in violation of a court order (Pen. Code, § 646.9, subd. (b)). The court sentenced appellant to serve the upper term of four years in state prison, based on the fact that appellant was on probation when he committed his crime.

Appellant timely filed a notice of appeal. After examining the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On October 31, 2014, appellant was informed he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. No response was received.

## DISPOSITION

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442, and is satisfied appellant's attorney has

3

fully complied with the responsibilities of counsel, and no arguable issues exist. Accordingly, we affirm the judgment of conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.